UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RH KIDS, LLC,<br><br>    Plaintiff<br><br>v.<br><br>NATIONAL DEFAULT SERVICING CORPORATION and SPECIALIZED LOAN SERVICING LLC,<br><br>    Defendants | Case No.: 2:22-cv-00954-APG-NJK<br><br>**Order Denying Motions to Remand, for Temporary Restraining Order, for Preliminary Injunction, and to Shorten Time**<br><br>[ECF Nos. 7, 9, 14, 15] |

RH Kids, LLC filed suit in state court seeking to stop a foreclosure sale of its property located at 2704 Coventry Green Avenue in Henderson, Nevada. ECF No. 1-1. Defendant Specialized Loan Servicing LLC (SLS) is the beneficiary of record for the deed of trust encumbering the property. Defendant National Default Servicing Corporation (NDSC) is the trustee under the deed of trust. RH Kids obtained a temporary restraining order (TRO) in state court enjoining the sale. ECF No. 1-7. SLS then removed the case to this court based on diversity jurisdiction. ECF Nos. 1, 6.

RH Kids now moves to remand, arguing that there is not complete diversity between it and the defendants. ECF No. 7. RH Kids also moves for a TRO and preliminary injunction from this court to enjoin the sale. ECF Nos. 9, 14.

SLS responds that complete diversity exists between RH Kids and the defendants, and that, in any event, NDSC is a nominal or fraudulently joined defendant whose citizenship should be disregarded for diversity purposes. SLS opposes the motion for TRO on a variety of grounds.

I will not remand the case because there is complete diversity between RH Kids and SLS. I disregard NDSC's citizenship for diversity purposes because it is a fraudulently joined or

nominal defendant.  I deny the motion for a TRO because RH Kids has not shown a likelihood of success or serious questions on the merits of its claims.  I deny the motion for a preliminary injunction because it is based on the same arguments and evidence as the TRO motion.

**I.  MOTION TO REMAND (ECF No. 7)**

RH Kids argues that complete diversity does not exist because RH Kids has members who are citizens of Delaware and Arizona, SLS is a Delaware citizen, and NDSC is an Arizona citizen.  According to RH Kids, SLS's parent company is "completely intermingled and indistinguishable from Computershare Inc., which is a Delaware corporation." ECF No. 7 at 8. RH Kids disputes that NDSC is fraudulently joined because NDSC is the trustee under the deed of trust and it recorded the notice of default; thus, it is an indispensable party.

SLS responds that it is owned by Computershare Limited, which is an Australian entity. It also contends that RH Kids has presented only a self-serving, conclusory declaration that it has members who are citizens of Delaware and Arizona, even though RH Kids' counsel promised to provide information about its members.  SLS also contends that even if one member of RH Kids is an Arizona resident, NDSC is a nominal or fraudulently joined defendant whose citizenship should be disregarded for diversity purposes.

Federal district courts are courts of limited jurisdiction, deriving their power from specific congressional grants of jurisdiction. *U.S. v. Sumner*, 226 F.3d 1005, 1009 (9th Cir. 2000).  Federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." 28 U.S.C. § 1332.  Diversity jurisdiction requires complete diversity, meaning the plaintiff cannot be a citizen of the same state as any defendant. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).  As the party seeking to

invoke this court's jurisdiction, SLS bears the burden of proving the court has jurisdiction. *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001).

### A. RH Kids and SLS Are Diverse

RH Kids is a limited liability company and thus has the citizenship of its members. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (stating that "an LLC is a citizen of every state of which its owners/members are citizens"). RH Kids presents an affidavit from its managing member stating that RH Kids has a member who is a permanent resident of Arizona and another that is a Delaware corporation. ECF No. 7-2.

SLS is a limited liability company that is wholly owned by Computershare Limited, an Australian company. ECF Nos. 18-14; 18-15. SLS thus is an Australian citizen. RH Kids relies on a Securities and Exchange filing by Computershare Inc., which is incorporated in Delaware. ECF Nos. 7 at 4; 7-3 at 2. But RH Kids presents no evidence that Computershare Inc. owns or is a member of SLS. Consequently, SLS has satisfied its burden of proving that it is diverse from RH Kids because there is no evidence that RH Kids has an Australian member.

### B. NDSC is a Nominal or Fraudulently Joined Defendant

The complaint alleges that NDSC is an Arizona corporation. ECF No. 1-1 at 3. Assuming that RH Kids has an Arizona citizen as a member,[1] that would ordinarily defeat diversity jurisdiction. But I do not consider the citizenship of a "sham or nominal party" when determining whether complete diversity exists. *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1132 (9th Cir. 2002). I thus "disregard the citizenship of a non-diverse defendant

---

[1] I need not address SLS's contentions regarding the alleged inadequacy of RH Kids' evidence regarding its own membership.

3

who has been fraudulently joined." *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018).

"There are two ways to establish fraudulent joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (quotation omitted). "Fraudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). A defendant can show fraudulent joinder by demonstrating that a party joined in the action "cannot be liable on any theory." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). But "if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009) (internal citations omitted).

RH Kids does not assert a claim against NDSC on which NDSC can be liable. RH Kids seeks to quiet title and to cancel the deed of trust, but NDSC does not claim an interest in the property in its role as trustee under the deed of trust. Additionally, any wrongful foreclosure claim is not ripe because no foreclosure has taken place. Finally, RH Kids asserts a claim for injunctive relief, but that is a remedy, not a separate claim. *See 7321 Wandering St. Tr. v. New Residential Mortg. Loan Tr. 2020-NPL2*, No. 2:21-cv-01193-JAD-EJY, 2022 WL 717577, at *2 (D. Nev. Mar. 10, 2022). In its reply, RH Kids argues that NDSC stated in the notice of default that the loan was accelerated in September 2009, and if that is false then NDSC has violated Nevada law. But the notice of default states that the loan became delinquent in 2009, not that it was accelerated then. ECF No. 9-6. Additionally, RH Kids' complaint does not assert a claim against NDSC for a false statement in the notice of default. NDSC thus is fraudulently joined.

At most, NDSC is a nominal defendant joined solely to effectuate relief against SLS. *See SEC v. Colello*, 139 F.3d 674, 676 (9th Cir. 1998) ("The paradigmatic nominal defendant is a trustee, agent, or depositary . . . who is joined purely as a means of facilitating collection" (simplified)).

Because I disregard NDSC's citizenship for diversity purposes, and because SLS is diverse from RH Kids, complete diversity exists. I therefore deny RH Kids' motion to remand. Because I deny the motion to remand, I deny RH Kids' request for fees.

## II. MOTION FOR TEMPORARY RESTRAINING ORDER (ECF No. 9)

RH Kids argues that it is likely to succeed on the merits of its quiet title claim because SLS's deed of trust was extinguished by operation of Nevada Revised Statutes (NRS) § 106.240. RH Kids argues that the loan secured by the deed of trust was accelerated in February 2009, as stated in the December 2021 notice of default, or it was automatically accelerated when the borrowers filed for bankruptcy in September 2009. RH Kids argues that because more than ten years have passed since either of these events, the deed of trust was extinguished by operation of NRS § 106.240. Alternatively, it argues that SLS has no rights in the deed of trust because the note is endorsed in blank and SLS is not the present owner of the note.

SLS responds that the deed of trust was not extinguished because the only publicly recorded acceleration was less than ten years ago and because a bankruptcy discharge does not trigger NRS § 106.240's ten-year period. It also argues that any claims regarding possession of the note are claim precluded and lack an evidentiary basis. Finally, SLS contends that RH Kids is not likely to succeed on its wrongful foreclosure claim because (among other reasons) there has been no foreclosure, so the claim is not ripe.

To qualify for a temporary restraining order, a plaintiff must demonstrate: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships favors

the plaintiff, and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Alternatively, under the sliding scale approach, the plaintiff must demonstrate (1) serious questions on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships tips sharply in the plaintiff's favor, and (4) an injunction is in the public interest. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

**A.  NRS § 106.240**

NRS § 106.240 provides:

> The lien heretofore or hereafter created of any mortgage or deed of trust upon any real property, appearing of record, and not otherwise satisfied and discharged of record, shall at the expiration of 10 years after the debt secured by the mortgage or deed of trust according to the terms thereof or any recorded written extension thereof become wholly due, terminate, and it shall be conclusively presumed that the debt has been regularly satisfied and the lien discharged.

This section "creates a conclusive presumption that a lien on real property is extinguished ten years after the debt becomes due." *Pro-Max Corp. v. Feenstra*, 16 P.3d 1074, 1077 (Nev. 2001), *opinion reinstated on reh'g* (Jan. 31, 2001).

Here, the only recorded notice of default was recorded on December 8, 2021. ECF No. 9-6. The notice states that the loan became delinquent in February 2009, so RH Kids argues the loan must have been accelerated back then. But there is a difference between a loan becoming delinquent and a loan being accelerated for purposes of NRS § 106.240. The Ninth Circuit has held that an unrecorded notice of acceleration does not start the clock for purposes of NRS § 106.240. *See Daisy Tr. v. Fed. Nat'l Mortg. Ass'n*, No. 21-15595, 2022 WL 874634, at *1-2 (9th Cir. Mar. 24, 2022). Because the only recorded acceleration was less than ten years ago, RH Kids is not likely to succeed and has not shown serious questions on the merits on its claim that the deed of trust was extinguished by operation of NRS § 106.240.

RH Kids also argues that the loan was accelerated when the borrowers filed for bankruptcy. But nothing in the deed of trust provides for acceleration upon the borrower filing for bankruptcy. *See* ECF No. 11-1. And, as RH Kids acknowledges,[2] I have previously ruled in another case that a bankruptcy filing does not automatically accelerate the loan for purposes of NRS § 106.240. *See Ramanathan as Tr. of Ramanathan Fam. Tr. v. Bank of New York Mellon as Tr. for CWABS, Inc. Asset Backed Certificates, Series 2005-4*, No. 2:19-cv-02009-APG-EJY, 2021 WL 4486320, at *4 (D. Nev. Sept. 30, 2021). Consequently, RH Kids is not likely to succeed and has not shown serious questions on the merits on its claim that the deed of trust was extinguished by operation of NRS § 106.240 due to the borrowers' bankruptcy.

### B. Rights in the Deed of Trust

RH Kids argues that SLS holds no interest in the deed of trust because it does not own or possess the note. But it presents no evidence in support of this assertion. The affidavit of authority to exercise the power of sale attached to the notice of default states that the current holder of the note is SLS. ECF No. 9-6 at 4. RH Kids offers no contrary evidence. In its reply, RH Kids argues that the assignment from Bank of America to SLS transferred only the deed of trust, not the note. Even if I considered this argument raised for the first time in reply, Nevada law presumes that the note is transferred with the deed of trust. *See Jones v. U.S. Bank Nat'l Ass'n as Tr. for TBW Mortg.-Backed Pass-Through Certificates, Series 2006-3*, 460 P.3d 958, 962 (Nev. 2020). There is no evidence that the note was not transferred. The assignment does not specifically state that the note is not being transferred. ECF No. 17-10. And the affidavit of authority supports the conclusion that it was. As a result, RH Kids has not shown a likelihood of success or serious questions on the merits of its claim that SLS lacks authority to foreclose.

---

[2] ECF No. 9 at 7.

### C. Summary

RH Kids has not shown a likelihood of success or serious questions on the merits on any of its claims or arguments. I therefore deny RH Kids' motion for a TRO. Because I am denying the motion for TRO, I vacate the June 29, 2022 hearing. Additionally, because the motion for preliminary injunction is based on the same arguments and evidence, I deny it without prejudice to refile if the sale does not go forward on July 1, 2022[3] and RH Kids develops evidence that would support an injunction.[4]

## III.  CONCLUSION

I THEREFORE ORDER that plaintiff RH Kids, LLC's motion to remand **(ECF No. 7) is DENIED**.

I FURTHER ORDER that plaintiff RH Kids, LLC's motions for temporary restraining order, preliminary injunction, and to shorten time **(ECF Nos. 9, 14, 15) are DENIED**.

I FURTHER ORDER that **the hearing set for June 29, 20-22 at 11:00 a.m. is VACATED as moot**.

DATED this 28th day of June, 2022.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[3] RH Kids represents that the sale has been reset for July 1 and SLS does not dispute that assertion. *See* ECF No. 9-2 at 2. However, neither party has provided a notice of sale for the July 1 date.

[4] I also deny as moot the related motion to shorten time.

8