UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RH KIDS, LLC, | Case No.: 2:22-cv-00954-APG-NJK |
| Plaintiff | **Order Granting Motion to Remand** |
| v. | [ECF Nos. 27, 28, 29] |
| NATIONAL DEFAULT SERVICING CORPORATION, et al., | |
| Defendants | |

      RH Kids, LLC filed suit in state court seeking to stop a foreclosure sale of its property located at 2704 Coventry Green Avenue in Henderson, Nevada. ECF No. 1-1.  Defendant Specialized Loan Servicing LLC (SLS) is the beneficiary of record for the deed of trust encumbering the property.  Defendant National Default Servicing Corporation (NDSC) is the trustee under the deed of trust.  RH Kids obtained a temporary restraining order (TRO) in state court enjoining the sale. ECF No. 1-7.  SLS then removed the case to this court based on diversity jurisdiction. ECF Nos. 1; 6.

      RH Kids moved to remand, arguing that there was not complete diversity between it and the defendants. ECF No. 7.  RH Kids also moved for a TRO and preliminary injunction from this court to enjoin the sale. ECF Nos. 9; 14.  SLS responded that complete diversity exists between RH Kids and the defendants, and that, in any event, NDSC was a nominal or fraudulently joined defendant whose citizenship should be disregarded for diversity purposes.  SLS opposed the motions for injunctive relief on a variety of grounds.

      I denied the motion to remand because there was complete diversity between RH Kids and SLS, and I disregarded NDSC's citizenship for diversity purposes because it was a

fraudulently joined or nominal defendant. ECF No. 21.  I denied RH Kids' motions for injunctive relief because RH Kids had not shown a likelihood of success on the merits of its claims. *Id.*

Following my order, the defendants sold the property at a foreclosure sale.  RH Kids amended its complaint as of right under Federal Rule of Civil Procedure 15(a) because less than 21 days had passed since the defendants moved to dismiss the original complaint. ECF Nos. 11; 24.  In the amended complaint, RH Kids added the purchaser of the property, Radan Holdings, LLC, as a defendant to the quiet title and declaratory judgment claims. ECF No. 24.  It also added a wrongful foreclosure claim against SLS and NDSC and a claim against NDSC for violating Nevada Revised Statutes (NRS) § 107.028. *Id.*

RH Kids again moves to remand this case to state court, arguing that complete diversity no longer exists based on the amended complaint.  RH Kids contends that it has members in Nevada and Arizona, so it is not diverse from NDSC (which is an Arizona corporation) and newly added defendant Radan (which has a Nevada member).  SLS questioned whether RH Kids had members in Nevada and Arizona because RH Kids had presented no evidence with its motion to support that contention.  Because the parties disputed factually whether complete diversity exists, I ordered jurisdictional discovery and supplemental briefing. ECF No. 40.

In its supplemental brief, SLS argues that RH Kids is engaging in gamesmanship by adding members in various states to destroy diversity jurisdiction.  It contends that the Arizona and Nevada members are not real members of RH Kids.  Moreover, it asserts that the propriety of removal is examined only at the time of removal, so the addition of Radan and the new claims against NDSC cannot destroy diversity post-removal.  SLS argues that regardless, RH Kids' claims are meritless, so all defendants are nominal or fraudulently joined.

RH Kids argues that it has now alleged direct claims against NDSC, so it cannot be said to have been fraudulently joined in the amended complaint. RH Kids also argues that Radan is not fraudulently joined because it is the new property owner whose interest is being challenged. RH Kids contends that SLS cannot dictate who is a proper member of RH Kids. RH Kids also disputes that diversity is determined solely at removal because it has filed an amended complaint with new claims and a new party that destroys diversity.

Federal district courts are courts of limited jurisdiction, deriving their power from specific congressional grants of jurisdiction. *U.S. v. Sumner*, 226 F.3d 1005, 1009 (9th Cir. 2000). Federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." 28 U.S.C. § 1332. Diversity jurisdiction requires complete diversity, meaning the plaintiff cannot be a citizen of the same state as any defendant. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). As the party seeking to invoke this court's jurisdiction, SLS bears the burden of proving the court has jurisdiction. *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001).

RH Kids is a limited liability company and thus has the citizenship of its members. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (stating that "an LLC is a citizen of every state of which its owners/members are citizens"). RH Kids has presented evidence that James Escobedo and Vic Biglang-Awa became members of RH Kids on March 1, 2022. ECF Nos. 43-1 at 8; 43-3. Escobedo is a citizen of Arizona. ECF Nos. 43-1 at 10; 43-3 at 1-2. Biglang-Awa is a citizen of Nevada. ECF Nos. 43-1 at 163; 43-3 at 4-5. As

relevant here,[1] RH Kids thus is a citizen of Nevada and Arizona. The parties do not dispute that defendant NDSC is an Arizona corporation. Newly added defendant Radan has a Nevada member, so it is a Nevada citizen. ECF No. 43-2 at 4. Consequently, complete diversity does not exist.

SLS argues that diversity is determined at the time of removal, and RH Kids' post-removal actions cannot divest the court of jurisdiction. That is true when the question is whether removal was proper. *See Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002) (stating that for removal jurisdiction based on diversity, citizenship is "determined (and must exist) as of the time the complaint is filed and removal is effected"). But I have already determined that removal was proper. The question now is whether RH Kids' amended complaint divests the court of diversity jurisdiction.

Under 28 U.S.C. § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." The Ninth Circuit has not addressed whether a district court may deny joinder of a diversity-destroying defendant under § 1447(e) where the plaintiff has amended as of right under Rule 15(a), as RH Kids has done here. The Third Circuit has addressed the issue and concluded that where "a nondiverse defendant has been added post-removal by amendment as of right, courts may sua sponte consider dropping the spoiler under Rule 21." *Avenatti v. Fox News Network LLC*, 41 F.4th 125, 130 (3d Cir. 2022). Rule 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Under Rule 21, I have "the discretionary power to perfect [] diversity jurisdiction

---

[1] RH Kids has other members whose citizenship does not affect the determination of whether complete diversity exists in this case.

4

by dropping a nondiverse party provided the nondiverse party is not indispensable to the action under Rule 19." *Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir. 1980). That discretionary power is consistent with § 1447(e), which also grants discretion to either deny joinder of a non-diverse party or permit joinder and remand. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998).

SLS argues that I should ignore Radan and NDSC's citizenship for diversity purposes because RH Kids' claims are meritless, so all defendants are fraudulently joined.[2] But to establish fraudulent joinder, SLS must show not only that RH Kids fails to state a claim against Radan and NDSC, it also must show that "the failure is obvious according to the settled rules of the state." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987); *see also Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009) (stating that "if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court" (quotation omitted)). Radan is the owner of the property and has an interest in defending its title, and RH Kids now asserts direct claims against NDSC. I previously ruled that RH Kids was not likely to succeed on the merits of its claim that the deed of trust was extinguished by operation of NRS § 106.240 due to the loan allegedly being accelerated when the borrowers filed for bankruptcy. ECF No. 21 at 7. But I based that ruling on my reading of the deed of trust, § 106.240, and a prior decision of mine. *Id.* SLS has not pointed to settled rules of the state of Nevada to show that RH Kids obviously fails to state a claim based on its bankruptcy acceleration argument. Indeed, in its reply to its motion for injunctive relief, RH

---

[2] SLS does not explain how I have jurisdiction if there is no properly joined defendant to support diversity jurisdiction.

5

Kids identified a case in which a Nevada state court judge ruled that a bankruptcy accelerated the loan for purposes of NRS § 106.240. ECF No. 20 at 5.  That case is currently on appeal before the Supreme Court of Nevada. *West Coast Serv., Inc. v. Kassler*, No. 84122.  Consequently, SLS has not met its burden of showing that Radan and NDSC are fraudulently joined in the amended complaint.

As for SLS's argument that the non-diverse members of RH Kids became members solely to destroy diversity, SLS cites no authority for the proposition that I can disregard a limited liability company's members for diversity purposes.  Title 28 U.S.C. § 1359 provides that a "district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court."  But that section "expresses a policy against the creation of federal jurisdiction and not against its avoidance." *McSparran v. Weist*, 402 F.2d 867, 875 (3d Cir. 1968) (en banc).  There is no parallel federal statute expressing a policy against the use of collusive diversity-destroying strategies.

Some courts have cast a critical eye on attempts to avoid federal jurisdiction through collusive partial assignments of claims to a diversity-defeating party. *See Att'ys Tr. v. Videotape Computer Prod., Inc.*, 93 F.3d 593, 598-600 (9th Cir. 1996); *Grassi v. Ciba-Geigy, Ltd.*, 894 F.2d 181, 185 (5th Cir. 1990).  Those courts that allow a court to look behind the partial assignment for a motive to destroy diversity rely on the principle that federal courts have the authority "to protect their own jurisdiction." *Grassi*, 894 F.2d at 185; *see also Att'ys Tr.*, 93 F.3d at 598 (stating "there is no more reason for federal courts to countenance destruction of jurisdiction by the use of straw parties than there is for them to countenance the creation of jurisdiction in that manner.  In either event, another party is deprived of a forum to which he

would otherwise be entitled, and the jurisdiction which Congress conferred upon the federal courts is manipulated." (internal citation omitted)). Some courts have questioned whether the reasoning in cases involving a collusive partial assignment of a claim applies with equal force to the alleged collusive addition of a member to a limited liability company or limited partnership.[3]

Even if I were to examine whether RH Kids added members for the purpose of defeating diversity jurisdiction, I would still remand this action. As the party seeking to invoke this court's jurisdiction, SLS bears the burden of showing that that RH Kids joined the Arizona and Nevada members to defeat diversity jurisdiction, but SLS has not met its burden.

SLS relies on the timing between when SLS recorded the notice of default to commence foreclosure on the property in December 2021, when RH Kids added the Arizona and Nevada members in March 2022, and when RH Kids filed suit in May 2022. But even if that could explain why the Arizona member was added, that does not explain the addition of the Nevada member because there was no Nevada defendant at that time, and the prospect of a Nevada defendant was speculative at best. Radan bought the property at a foreclosure sale in July 2022, months after the Nevada member had joined RH Kids and RH Kids had filed suit in state court.

SLS also suggests that the Nevada and Arizona members are not real members because they did not contribute to or profit from RH Kids. But it is unclear from the evidence presented what motivated the members to join and what roles or interests they have in the company. SLS

---

[3] *See, e.g.*, *Equant, Inc. v. Unified 2020 Realty Partners, L.P.*, No. 3:11-CV-0838-D, 2012 WL 1033644, at *2 (N.D. Tex. Mar. 27, 2012) ("The assignment of a claim is more indicative of a party's colluding to destroy federal jurisdiction because it is more closely linked to the litigation itself" and "it is more plausible that a party seeking to destroy diversity jurisdiction will do so by undertaking less drastic steps than fundamentally altering its ownership structure"); *Plush Lounge Las Vegas, LLC v. Lalji*, No. CV 08-8394-GW JTLX, 2010 WL 5094238, at *4 (C.D. Cal. Dec. 7, 2010); *Opuna, LLC v. Sabbagh*, No. 05-00488 SOM/LEK, 2006 WL 2374750, at *8-9 (D. Haw. Aug. 15, 2006). *But see Spillers v. Chevron USA Inc.*, No. CIV.A. 11-2163, 2013 WL 869387, at *3 (W.D. La. Mar. 6, 2013).

contends that is because RH Kids failed to respond to discovery, but SLS did not move to compel or to extend the jurisdictional discovery period.[4]  Additionally, SLS apparently failed to take any depositions despite being granted jurisdictional discovery.  Or if it did, it gained no fruitful information to support its theory, because it presents no deposition testimony from the newly added members, the majority member, or anyone else.

In my discretion, I grant the amendment to allow joinder of Radan as a defendant and to add direct claims against NDSC.  There is a possibility that RH Kids states a claim under Nevada law that the deed of trust was extinguished by operation of NRS § 106.240 due to the borrowers' bankruptcy accelerating the loan.  Because that amendment destroys diversity, I remand this case to state court under § 1447(e).

I THEREFORE ORDER that plaintiff RH Kids, LLC's motion to remand **(ECF No. 27) is GRANTED**.  The pending motions to dismiss and to expunge the lis pendens **(ECF Nos. 28, 29) are DENIED without prejudice** to raise them in the state court.  This case is remanded to the state court from which it was removed for all further proceedings.  The clerk of the court is instructed to close this case.

DATED this 14th day of December, 2022.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[4] SLS states that RH Kids' "refusal to respond to Defendant's discovery on this issue" was "allowed by this Court." ECF No. 42 at 4.  It is unclear why SLS believes the court allowed RH Kids not to respond to discovery when SLS did not file a motion to compel.